FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN -7 A 9 44

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER GREEN,        )
                          )
        Petitioner,        )        CIVIL ACTION NO.: CV512-124
                          )
    v.                    )
                          )
UNITED STATES OF AMERICA, )        (Case No.: CR597-03)
                          )
        Respondent.        )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Green ("Green"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action pursuant to 28 U.S.C. § 2255. Respondent filed a Response, and Green filed a Reply. For the reasons which follow, Green's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Green was convicted in 1997 of two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a), and one count of conspiracy to possess with intent to distribute and distribution of cocaine hydrochloride and crack cocaine, in violation of 21 U.S.C. § 846. United States v. Green, CR597-003, Doc. No. 1152. Green had two prior felony convictions from Georgia state courts in 1992, which were used to enhance his sentence. (Doc. No. 3, p. 1). Green filed a direct appeal,

and the Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. (Doc. No. 3, p. 2).

Green filed a motion pursuant to § 2255 in 2001; that motion was dismissed as untimely. Green, CR597-003, Doc. Nos. 1569, 1657. In 2005, Green filed a second § 2255 motion; in that motion he argued that the Georgia Supreme Court, in October 2005, vacated his two prior convictions that this Court had used as predicates for his federal sentence enhancement. Green, CR597-003, Doc. No. 1725. The government filed a motion to dismiss that § 2255 motion as successive; Green did not oppose the government's motion to dismiss, and this Court granted it. Green, CR597-003, Doc. No. 1746. Green filed a third § 2255 motion in 2006 raising the same claim based on his vacated prior convictions. Green, CR597-003, Doc. No. 1757. Again, the government filed a motion to dismiss that § 2255 motion as successive; Green did not oppose the government's motion to dismiss, and this Court granted it. Green, CR597-003, Doc. No. 1777. Since the vacatur of his state convictions, Green has filed numerous other motions and petitions—all of these motions and petitions have either been recharacterized as successive § 2255 motions and dismissed or denied for other reasons. (Doc. No. 3, pp. 3–4).

Green filed the instant Motion on October 21, 2012. (Doc. No. 1). Green argues that, because the two predicate convictions that were used to enhance his current federal sentence were vacated by the Georgia Supreme Court in October 2005, his current federal sentence exceeds the statutory maximum. Green also argues that the instant Motion is not "second or successive" within the meaning of § 2255(h).

2

## DISCUSSION AND CITATION OF AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). The dismissal of a previous § 2255 motion as untimely "constitute[s] a dismissal with prejudice," requiring a movant to seek permission from the Eleventh Circuit to file a successive § 2255 motion. Id. (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Green argues that the instant Motion, despite being the fourth § 2255 motion that he has filed, is not "second or successive" based on the holding in Stewart v. United States, 646 F.3d 856 (11th Cir. 2011). In Stewart, the Court of Appeals for the Eleventh Circuit applied Johnson v. United States, 544 U.S. 295 (2005), to determine that the movant's § 2255 motion was not "second or successive." In Johnson, the United States Supreme Court "held that the state court vacatur of a predicate

3

conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4), so long as the petitioner exercised due diligence in seeking that order." Stewart, 646 F.3d at 858 (describing the holding in Johnson) (citation and footnote omitted). The Stewart court went on to explain that because the order vacating a defendant's predicate convictions forms the basis of a § 2255 claim, such a claim is not "second or successive" if brought in a § 2255 motion following the dismissal or denial of a previous § 2255 motion. Id. at 863–64.

The 2005 vacatur of Green's predicate offenses did not result in the running of a new one-year limitation period because Green did not satisfy a necessary prerequisite. The Johnson Court held that the state court vacatur of a predicate conviction is a new "fact" that triggers a fresh one-year statute of limitations under § 2255(f)(4), *so long as the movant exercised due diligence in seeking that order.*[1] Johnson, 544 U.S. at 302. The due diligence requirement is "activated" on the date of judgment in the federal case that is enhanced by the prior convictions. Id. at 309. In Johnson, the movant filed his state habeas petition seeking vacatur of the predicate offenses more than three years after entry of judgment in his federal case. Id. at 311. The Court noted that even if the burden of diligence began on the date the federal conviction became final, Johnson's 21-month delay before filing the state habeas petition "fell far short of reasonable diligence in challenging the state conviction." Id. Green was sentenced by this Court in December 1997. Green, CV597-003, Doc. No. 1152. The due diligence requirement was activated then. Green failed to file any challenge to his prior state convictions until

---

[1] If the diligence requirement is not met, a new one-year limitation period is not triggered. See Johnson, 544 U.S. at 310 ("from November 29, 1004, the date the District Court entered judgment in his federal case, Johnson was obliged to act diligently to obtain the state-court order vacating his predicate conviction. *Had he done so*, the 1-year limitation period would have run from the date he received notice of that vacatur.") (emphasis added).

4

AO 72A
(Rev. 8/82)

May 2002, over four years later. Green, CR597-003, Doc. No. 1757, p. 10. Green argues that he began seeking vacatur of his state court convictions in June 1998. (Doc. No. 1, p. 14). The Court does not dispute that Green sought to obtain state court records at least as early as June 1998, (Doc. No. 1-1, p. 2); however, Green did not actually begin the judicial process of seeking vacatur, by filing a state habeas petition, until May 2002. Because Green waited one year longer to file a state habeas petition than did the movant in Johnson, the Court cannot find that Green diligently pursued the vacatur of his predicate convictions. Consequently, the 2005 vacatur of Green's predicate convictions did not satisfy the standard announced in Johnson and reiterated in Stewart. Therefore, Stewart does not apply to bring Green's claim out from under the "second or successive" ban.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Green's Motion brought pursuant to 28 U.S.C. § 2255 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)