**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

CHRISTOPHER GREEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV512-124

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Green ("Green"), who is currently incarcerated at Federal Correctional Institution in Pekin, Illinois ("FCI Pekin"), filed, pursuant to Federal Rules of Civil Procedure 60(b) and (d), a Motion Seeking Relief from this Court's February 6, 2013, Judgment, as supplemented. (Docs. 18, 22.) The Government filed a Response. (Doc. 21.) For the reasons which follow, Green's Motion should be **DENIED**, and this case should remain **CLOSED**. Green also filed a Motion Requesting Relief from this Court's Judgment due to the Government's Untimely Response. (Doc. 23.) Green's Motion should be **DISMISSED** as moot because the Government filed a timely Response to Green's Rule 60(b) Motion. Additionally, Petitioner should be **DENIED** leave to appeal *in forma pauperis* and he should be **DENIED** a certificate of appealability.

BACKGROUND

Green was convicted in this Court, after a jury trial, of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846, and two (2) counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Case No. 5:97-CR-3, Doc. 1035.) The Honorable William T. Moore, Jr., sentenced Green to life imprisonment on the conspiracy count and on one of the distribution counts and to 360 months' imprisonment on the second distribution count, to be served concurrently. (Id. at Doc. 1152; Doc. 3, pp. 1–2.) Green filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Baisden, 193 F.3d 523 (11th Cir. 1999) (Table).

Green filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. In that motion, Green raised a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and asserted he was erroneously sentenced under 28 U.S.C. § 841(b)(1)(A). Green also asserted his counsel provided ineffective assistance. (Case No. 5:01-CV-70, Doc. 1.) Green did not show extraordinary circumstances to equitably toll the statute of limitations, and his Section 2255 motion was dismissed because it was untimely filed. (Id. at Docs. 8, 14.) Green filed an appeal, and the Eleventh Circuit denied him a certificate of appealability.

Green filed a second Section 2255 motion based on the vacatur of two state convictions used during consideration of Green's sentence in his federal criminal prosecution. Green's motion was dismissed as being an unauthorized successive motion after he failed to file a response to the Government's motion to dismiss. (Case No. 5:05-CV-88, Doc. 5.)

Green then filed a motion to reopen his sentencing hearing based on his contention that his state convictions had been vacated. Judge Moore denied Green's motion, as well as Green's

2

motion to alter or amend judgment. (Case No. 5:97-CR-3, Docs. 1744, 1750, 1753, 1754.) The Eleventh Circuit denied Green's applications for leave to file a second or successive Section 2255 motion based upon Green's claims that his state convictions had been vacated.

Green filed a third Section 2255 motion in this Court. Green once again sought to reopen his federal sentencing proceedings based on the vacatur of two prior state convictions. The Government moved to dismiss Green's motion as another unauthorized successive Section 2255 motion, and the Court granted that motion. (Case No. 5:06-CV-45, Doc. 5.)

Still undeterred, Green filed a 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania, and that court transferred Green's petition to this Court. In that petition, Green contended he should be re-sentenced because two state convictions which were used to enhance his federal sentence had been vacated. The Magistrate Judge recommended Green's petition be dismissed, and this recommendation was adopted as the opinion of the Court. (Case No. 5:08-CV-18, Docs. 22, 30, 31.) Green filed an appeal, but the Eleventh Circuit concluded his appeal was frivolous and denied his motion to proceed *in forma pauperis*. (Id. at Doc. 32.) Green paid the filing fee, but his appeal was dismissed for want of prosecution. (Id. at Doc. 56.)

Green filed a motion to reopen his criminal sentence, a petition for writ of audita querela, and various other motions throughout 2011. (Case No. 5:97-CR-3, Docs. 2010, 2012, 2028, 2052.) Judge Moore denied Green's motions. (Id. at Doc. 2063.)

Green filed another Section 2255 motion on October 21, 2012. (Doc. 1.) Green argued that, because the two predicate convictions that were used to enhance his current federal sentence were vacated by the Georgia Supreme Court in October 2005, his current federal sentence exceeds the statutory maximum. Green also argued that his motion was not "second or successive" within the meaning of Section 2255(h), and relied on the decision in Stewart v.

United States, 646 F.3d 856 (11th Cir. 2011). This Court determined Green's motion was a second or successive Section 2255 motion, and that he could not proceed under 28 U.S.C. § 2255(f)(4).[1] (Docs. 5, 8.) Specifically, the Court found that Green had not satisfied the prerequisite to exercise diligence in moving to vacate the state predicate convictions. (Doc. 5 at 4.) The Eleventh Circuit agreed with this Court's determination. (Doc. 16.) The Eleventh Circuit noted that this Court sentenced Green in December of 1997, and he did not challenge his state convictions until May 2002. (Doc. 16 at 5.)

In this Motion for Reconsideration, which was filed on December 1, 2014, Green seeks relief from this Court's February 6, 2013, judgment based on "extraordinary and compelling reasons[.]" (Doc. 18, p. 3.) Green makes his Motion pursuant to Rules 60(b)(5), (6), and (d)(1). (Id.) Green contends he brought this motion within a reasonable time of the return of his once lost legal property, and that his motion does not attack the substance of this Court's resolution of a previously decided claim but a defect in the integrity of the federal proceeding. However, in the next breath, Green asserts he "is challenging [this Court's] ruling on the one-year statute of limitation procedural bar to raising vacatur claim (sic) under § 2255(f)(4)." (Id. at p. 4.) Green argues he is entitled to relief from this Court's judgment based on "newly arisen facts" which call "into question and refutes (sic) the Magistrate's position that [Green] failed to timely exercise diligence when contesting [his] prior convictions." (Id.) Green states this Court can now find that he exercised diligence in obtaining the vacatur of his Georgia state convictions and the vacatur resulted in a renewed statute of limitations period.

## DISCUSSION

Green bases his motion on a letter he claims he obtained from the Ware County Clerk's Office which is dated August 27, 2001, and which he contends "affirmatively establishes" that he

---

[1] This is the judgment from which Green seeks relief.

4

filed his original petition to vacate his state sentences on January 8, 1999. (Id. at p. 5.) Green contends he did not have access to this letter until July 14, 2014, when his legal property was returned to him after being "apparently lost" for a time. (Id.) Green claims that, upon his arrival at his current place of incarceration, he was given a box from the property room at the United States Penitentiary in Florence, Colorado, containing legal documents he believed to have been lost several years ago. Green asserts that the letter from the Ware County Clerk's Office was among the documents contained in this box, and that this letter stated Green's original state habeas corpus petition was located and filed on January 8, 1999. (Doc. 18, p. 6.) Through this letter, Green attempts to show he was diligently pursuing the vacatur of his state court convictions used to enhance the federal sentencing he is now serving soon after the imposition of that sentence. Green advances these arguments and moves the Court under Federal Rule of Civil Procedrue 60(b)(5) and (6) as well as Rule 60(d)(1). The undersigned addresses each of these bases for relief in turn.

**I.  Rule 60(b)**

"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:" "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or" "any other reason that justifies relief." FED. R. CIV. P. 60(b)(5) & (6). "Under Rule 60(b), the prisoner must prove 'extraordinary circumstances' justifying the reopening of a final judgment." Howell v. Sec'y, Fla. Dep't of Corr., 730 F.3d 1257, 1260 (11th Cir. 2013) (internal citation omitted). "[E]xtraordinary circumstances that warrant the reopening of a judgment will rarely occur in the habeas context[.]" Id. (internal citation and punctuation omitted). The Eleventh Circuit has "held that '[s]omething more than a

'mere' change in the law is necessary . . . to provide the grounds for Rule 60(b)(6) relief." Mock v. Bell Helicopter Textron, Inc., 373 F. App'x 989, 991 (11th Cir. 2010) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)). A Rule 60(b)(6) movant "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief . . . Even then, whether to grant the requested [Rule 60(b)] relief is . . . a matter for the district court's sound discretion." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014) (alteration in original) (internal citation omitted).

As the Government correctly notes in its Response, nothing about this letter presents an extraordinary circumstance persuading this Court to reopen the judgment in Green's case. Green was convicted in this Court in 1997, and his conviction and sentence were affirmed in 1999. Green began collaterally challenging his federal conviction and sentence in 2001. Green asserted in his Section 2255 motion filed in Case Number 5:06-CV-45 that he filed a state habeas corpus petition "on or about May 30, 2002", and the Georgia Supreme Court reversed his state convictions on November 3, 2005. (Case No. 5:06-CV-88, Doc. 1, p. 10.) In Case Number 5:05-CV-88, Green stated in his motion that he was "now actually innocent" of his sentence enhancement because his state court convictions had been vacated. (Case No. 5:05-CV-88, Doc. 1-2, p. 3.)

Green has failed to mention the existence of this letter—or the facts underlying the contents of this letter—to this Court on any previous occasion. The undersigned recognizes Green's assertion that this letter and other legal documents were returned to him upon his arrival at FCI Pekin in July 2014. However, despite his numerous post-conviction filings, Plaintiff has never disclosed to this Court or the Court of Appeals any argument that he filed a state habeas corpus petition at any time prior to June 2002. He would have been aware of such a fact well

6

before filing the instant Motion even if he did not have possession of any actual letter dated August 27, 2001.[2] Instead and as noted above, by Green's own admissions, he filed his state habeas corpus petition in May 2002.

The Ware County Superior Court Clerk was unable to recall writing this letter or to locate a copy of this letter during her review of Green's state criminal cases and his habeas case. (Doc. 21-1, p. 2, ¶ 3.)[3] In addition, the Superior Court Clerk attested to having searched the records of the court and only found the habeas petition Green filed on June 10, 2002, which was assigned case number 02V-492. (Id. at ¶¶ 4–5.) Further, Green's own submission indicates his legal papers, which were issued to Green on July 14, 2014, "had been missing from when he packed out in USP Florence back in February 2011." (Doc. 18, p. 12.) Consequently, long before this Motion, Green had ample opportunity to use this letter and to argue that he had filed a state habeas corpus petition prior to May of 2002.

Green also supplemented his instant Motion with the Eleventh Circuit's decision in Spencer v. United States, 773 F.3d 1132 (2014), issued while his current motion has been pending. In Spencer, the Eleventh Circuit reiterated that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated[.]" 773 F.3d at 1139. The Eleventh Circuit also noted "[i]n Johnson v. United

---

[2] In the original filing in this case, Green asserts he "first sought to obtain state court records to contest unconstitutional priors[ ]" within six months after he was sentenced in this Court. (Doc. 1, p. 12.) To this end, Green submitted a copy of a letter from the Solicitor General of the Ware County State Court dated June 10, 1998. This letter referenced Green's criminal cases and informed Green his cases had been disposed of by the State Court of Ware County. (Doc. 1-1, p. 2.) This letter in no way suggests Green had begun the process of seeking the vacatur of these state convictions.

[3] The Government disputes the authenticity of this letter. (Doc. 21, p. 3.) The undersigned agrees that the circumstances surrounding the sudden emergence of this letter are specious at best. Nonetheless, the Court need not resolve this issue, because, even if the letter were authentic, it fails to provide support for reopening the Court's judgment at this stage.

7

States, the Supreme Court explained that 'a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.'" Id. (quoting 544 U.S. 295, 303 (2005), and Stewart v. United States, 646 F.3d 856, 859, 864–65 (11th Cir. 2011) ("The vacatur order gives a defendant . . . the basis to challenge an enhanced federal sentence[.]")). Using this framework, the Eleventh Circuit determined that Spencer was not entitled to be resentenced based on his claim that he was erroneously classified as a career offender under the advisory Guidelines because he did not claim he is actually innocent of his crime of conviction in federal court or that any of his prior convictions had been vacated. Id. at 1140.

The decision in Spencer did not create a new avenue for resentencing that requires the Court to revisit its prior rulings in this case. Rather, the Eleventh Circuit simply reiterated the reasoning that the Supreme Court established in Johnson and that the Eleventh Circuit applied in Stewart. Green has already utilized the decisions in Johnson and Stewart in an attempt to have his sentence vacated, and that attempt fell short because he failed to show he exercised diligence in obtaining the vacatur of his state court sentences. (Docs. 1, 5, 8.) Indeed, the Eleventh Circuit discussed the decisions in Johnson and Stewart at length when affirming the dismissal of Green's petition.

Put simply, nothing in the Spencer decision or in Green's recently produced letter presents an extraordinary circumstance under Rule 60(b) warranting the revisiting of the Court's decision in this case.

## II. Rule 60(d)(1)

Likewise, Rule 60(d)(1) does not provide Green with relief. This subsection makes clear that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" FED. R. CIV. P. 60(d)(1). "The Supreme Court

has made clear that such '[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata.'" Aldana, 741 F.3d at 1359 (alteration in original) (quoting United States v. Beggerly, 524 U.S. 38, 46 (1998) (internal citation omitted)). "Rule 60(d)(1) relief is only available if relief is required to prevent a grave miscarriage of justice." Id. (internal citation and punctuation omitted). A movant must meet these elements to obtain Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

Id. (citing Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985)).

Green has failed to show that the Court's dismissal of his latest Section 2255 Motion is a judgment which ought not in equity and good conscience be enforced. Moreover, there was no fraud, accident, or mistake that prevented Green from raising the issues he raises in this motion in his numerous other attempts to have his sentence overturned. Green's alternative Rule 60(d)(1) motion is no more than another of his attempts to file an unauthorized second or successive Section 2255 motion. Maye v. United States, No. 8:10-CV-2327-T-30TBM, 2010 WL 4279405, at *2 (M.D. Fla.) (Oct. 25, 2010) ("A party cannot relitigate 'in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'") (quoting Sinesterra v. Roy, 347 F. App'x 9, 10 (5th Cir. 2009)). Consequently, Green's arguments under Rule 60(d)(1) are as unavailing as his arguments under Rule 60(b).

### III. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Green leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA").[4] Though Green has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); FED. R. APP. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[4] The Eleventh Circuit has determined the COA requirements apply equally to all final judgments denying Rule 60(b) relief in the same manner as these requirements apply to final judgments denying Section 2255 relief. Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1266–67 (11th Cir. 2004).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Green's action and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that Green's Motion Seeking Relief from this Court's February 6, 2013, Judgment, (doc. 18), be **DENIED** and that this case remain **CLOSED**. It is also my **RECOMMENDATION** that Green's Motion

Requesting Relief from this Court's Judgment due to the Government's Untimely Response, (doc. 23), be **DISMISSED** as moot. It is my further **RECOMMENDATION** that Green be **DENIED** the issuance of a Certificate of Appealability and permission to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Green.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of April, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA